UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHERRY KATZ-CRANK a Michigan resident, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 1:13-cv-00159-TWP-DML |
| KIMBERLY HASKETT, individually and in her official capacity as an investigator for the Indiana Secretary of State, CHARLIE WILLIAMS, individually and in his official capacity as an investigator for the Indiana Secretary of State, TODD ROKITA, individually and as former Secretary of State for Indiana, THOMAS TRATHEN, individually as Chief Investigator for Marion County, Indiana, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ENTRY ON MOTION TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on Plaintiff Sherry Katz-Crank's ("Ms. Katz-Crank") Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Filing No. 74). Ms. Katz-Crank seeks to amend the Court's Entry on the Motion to Dismiss filed by Defendants Kimberly Haskett, Charlie Williams, Todd Rokita, Carl Brizzi, Mary Hutchinson, and Barbara Crawford, and on the Motion for Judgment on the Pleadings filed by Defendants Marion County, Indiana and Thomas Trathen. For the reasons set forth below, Ms. Katz-Crank's Motion is **DENIED**.

### I.   BACKGROUND

The facts of this case are set forth in detail in the Court's entry on the Motion to Dismiss and Motion for Judgment on the Pleadings (Filing No. 72) and need not be recounted in detail

here.  In summary, Ms. Katz-Crank brought suit against the Defendants, alleging that she was wrongfully arrested and prosecuted in Indiana for crimes she was accused of committing in the course of representing the legal and financial interests of cemetery trusts in Michigan, Indiana and Ohio.  The Court dismissed with prejudice the state and federal law claims asserted against all Defendants in their official capacities on the basis of Eleventh Amendment immunity.  ([Filing No. 72](#)).  The Court also dismissed with prejudice all claims against Defendants Carl Brizzi, Mary Hutchison, and Barbara Crawford in both their individual and official capacities, finding that they were protected from liability by prosecutorial immunity ([Filing No. 72](#)).  Further, the Court dismissed with prejudice the federal law claims asserted against Kimberly Haskett, Charlie Williams, Todd Rokita, and Thomas Trathen in their individual capacities ([Filing No. 72](#)).  Finally, the Court dismissed without prejudice the state law malicious prosecution and intentional infliction of emotional distress claims asserted against Kimberly Haskett, Charlie Williams, Todd Rokita, and Thomas Trathen in their individual capacities, and granted Ms. Katz-Crank leave to replead these claims within 21 days of the order ([Filing No. 72](#)). Importantly, the Court has not issued a judgment with respect to these claims and Defendants.  Ms. Katz-Crank timely filed an Amended Complaint pursuant to the order on April 21, 2014. ([Filing No. 73](#)).

## II.   LEGAL STANDARD

Reconsideration of a final judgment under Federal Rule of Civil Procedure 59(e) is appropriate "if there has been a mistake of law or fact."  *Demos v. City of Indianapolis*, 139 F. Supp. 2d 1026, 1027 (S.D. Ind. 2001) *aff'd*, 302 F.3d 698 (7th Cir. 2002) (quoting *Smith v. Apfel*, No. 97 C 3173, 1999 WL 410018, at *2 (N.D. Ill. May 27, 1999)).  "The rule essentially enables a district court to correct its own error, sparing the parties and the appellate courts the burden of

unnecessary appellate procedures." *Id.* (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). A motion filed pursuant to Rule 59(e) is applicable only to final judgments; it is not applicable to interlocutory orders or orders that adjudicate fewer than all the claims, or liabilities of fewer than all of the parties, entered prior to the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. *See* Fed. R. Civ. P. 54.

Motions to reconsider orders other than final judgments are governed by Rule 54(b). "Motions to reconsider serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact; however, a motion to reconsider is not an occasion to make new arguments. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Granite St. Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991). A motion to reconsider under Rule 54(b) may also be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Motions for reconsideration in the district courts are generally disfavored because "a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold." *Burton v. McCormick*, No. 3:11-CV-026, 2011 WL 1792849, at *1 (N.D. Ind.

May 11, 2011) (quoting *United States v. Menominee Tribal Enters.*, No. 07-C-317, 2009 WL 1373952, at *1 (E.D. Wis. May 15, 2009)).

### III.  DISCUSSION

Ms. Katz-Crank asks the Court to alter or amend its order as to the claims dismissed with prejudice. Ms. Katz-Crank's motion is inappropriate for two reasons. First, she purports to bring her motion pursuant to Rule 59(e), which applies after "entry of [a] judgment" and asks the court to "amend a judgment." Fed. R. Civ. P. 59(e). For an order disposing of less than all of the claims or parties to be considered a "judgment," the court must expressly determine that there is no just reason for delay and enter final judgment as to those parties or claims. Fed. R. Civ. P. 54(b). The Court has entered no such order in this case; thus Ms. Katz-Crank's Motion is procedurally improper and is therefore **DENIED**.

Second, even if the Court were to consider Ms. Katz-Crank's Motion under Rule 54(b), she still has not satisfied the requirements for reconsideration. Motions to reconsider filed pursuant to Rule 54(b) and Rule 59(e) are both for the purpose of correcting manifest errors of law or fact, or to present newly discovered evidence not available at the time of briefing. *See Woods v. Resnick*, 725 F. Supp. 2d 809, 827 (W.D. Wis. 2010) ("[M]otions to reconsider an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)."). Ms. Katz-Crank's motion does not allege that the Court made a manifest error of law or fact, or that the Court has made an error of apprehension. She also has not pointed to new intervening case law or newly discovered facts that would affect the outcome of this case. Rather, Ms. Katz-Crank uses her motion as an opportunity to re-argue the issues using the same facts and arguments asserted in her complaint and in her responses to the Defendants' motions, and she argues that the Court has made an error of reasoning, not one of

apprehension. As the Seventh Circuit has clearly stated, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). The Court fully took into consideration Ms. Katz-Crank's facts and arguments regarding the applicable law, the applicability of prosecutorial immunity, her constitutional claims, and abuse of process claims made in her responses to the Motion to Dismiss and Motion for Judgment on the Pleadings, and concluded, after careful consideration, that dismissal of several of the claims was warranted and that Ms. Katz-Crank should be granted leave to re-plead some of her claims, which she has done. Therefore, reconsideration is not warranted under these circumstances and her Motion must be **DENIED**.[1]

## IV. CONCLUSION

Because Ms. Katz-Crank has not provided a legitimate basis upon which the Court should reconsider its prior order under Rule 54(b) or Rule 59(e), the Motion to Alter or Amend Judgment (Filing No. 74) is **DENIED**.

SO ORDERED.

Date: _____

---

[1] The Court also notes that Ms. Katz-Crank's Motion fails to comply with Local Rule 5-1, which requires that any motion or brief filed with the Court to be double-spaced (except for headings, footnotes and quoted material). S.D. Ind. L.R. 5-1(b). Several pages of Ms. Katz-Crank's brief contain text that is single-spaced, but is not quoted material. *See* Filing No. 74, ECF p. 4, 5, 7, 19, 20, 21, 22, 24, 25. Ms. Katz-Crank is admonished to ensure that future filings comply with this rule, as this continued practice may result in subsequent filings being stricken by the Court.

DISTRIBUTION:

Derek S. Wilczynski
BLANCO WILCZYNSKI, PLLC
dsw@blancopc.com

Nicole L. Coroiu
BLANCO WILCZYNSKI, PLLC
nlc@blancopc.com

Orlando L. Blanco
BLANCO WILCZYNSKI, PLLC
olb@blancopc.com

R. Eric Sanders
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
eric.sanders@indy.gov

Dino L. Pollock
INDIANA ATTORNEY GENERAL
dino.pollock@atg.in.gov

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov