UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHERRY KATZ-CRANK a Michigan resident, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 1:13-cv-00159-TWP-DML<br>)<br>) |
| KIMBERLY HASKETT,<br>CHARLIE WILLIAMS,<br>TODD ROKITA, and<br>THOMAS TRATHEN | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ENTRY ON JOINT MOTION TO DISMISS

This matter is before the Court on a Joint Motion to Dismiss Amended Complaint filed by Defendants, Kimberly Haskett ("Haskett"), Charlie Williams ("Williams"), Todd Rokita ("Rokita"), and Thomas Trathen ("Trathen"). (collectively, "Defendants") (Filing No. 79). Defendants seek to dismiss the Amended Complaint filed by Plaintiff, Sherry Katz-Crank ("Katz-Crank"), which was filed in response to the Court's dismissal of two of the claims in Katz-Crank's original complaint without prejudice and with leave to re-file. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

### I.  BACKGROUND

The facts of this case are set forth in detail in the Court's entry on the Defendants' first motion to dismiss and motion for judgment on the pleadings (Filing No. 72), and thus will only be summarized here. Katz-Crank is an attorney licensed in the state of Michigan. In 2004 she operated her own law firm known as Corporate legal Counsel in East Lansing, Michigan, and in 2006 she formed a management company for the purpose of providing for the management of trust

services to cemeteries. Beginning in 2004, Katz-Crank represented a client, Robert Nelms ("Nelms"), in the purchase of cemeteries and funeral homes in Michigan and Indiana. In 2008, Nelms was arrested and charged with embezzling money from the cemeteries' trust funds. In July 2008, Katz-Crank was arrested and charged in Marion County, Indiana for felony theft in connection with the embezzlement by Nelms. Katz-Crank alleges that she was subjected to deplorable conditions in the Marion County processing center, and then was subjected to a two and one-half year delay before receiving a jury trial. She further alleges that Defendants failed to provide exculpatory evidence to her and the grand jury, contacted her former clients and informed them about the criminal charges against her, and published information about the criminal allegations online. Nevertheless, in December 2010, Katz-Crank was found not guilty following a trial by jury. Katz-Crank alleges that her wrongful arrest resulted in the loss of her business, her reputation in the community and her profession, as well as caused her emotional and physical harm.

In her original Complaint ([Filing No. 1](#)), Katz-Crank asserted claims against a number of defendants in both their official and individual capacities, including Kimberly Haskett and Charlie Williams, investigators in the Securities Division of the Secretary of State's Office for Indiana; Todd Rokita, the former Indiana Secretary of State; Carl Brizzi, the former Prosecutor for Marion County, Indiana; Mary Hutchison and Barbara Crawford, former deputy prosecutors for Marion County, Indiana; and Thomas Trathen, Chief Investigator for Marion County, Indiana. The Court dismissed with prejudice all claims against Carl Brizzi, Mary Hutchinson, and Barbara Crawford under prosecutorial immunity; dismissed with prejudice all claims asserted against Defendants in their official capacities under the Eleventh Amendment; and dismissed with prejudice all of Katz-Crank's federal claims. However, the Court dismissed Katz-Crank's state law claims of malicious

prosecution and intentional infliction of emotional distress brought against Haskett, Williams, Rokita and Trathen in their individual capacities without prejudice, allowing her to replead within 21 days of the Court's entry. The Court found that Katz-Crank had not adequately plead facts showing that any of the factors found in Ind. Code § 34-13-3-5(c) applied such that the Indiana Tort Claims Act, Ind. Code § 34-13-3-3 ("ITCA"), would not serve to bar her claims against these state employees and subject them to personal liability. Katz-Crank timely filed an Amended Complaint (Filing No. 73) asserting claims for malicious prosecution and intentional infliction of emotional distress ("IIED") against the remaining Defendants in their individual capacities.

## II.  LEGAL STANDARD

Pursuant to Federal Rules of Civil Procedure 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," (Fed. R. Civ. P. 8(a)(2)), and there is no need for detailed factual allegations. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citation omitted). Nevertheless, the statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations and quotations omitted). "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'" *Killingsworth*, 507 F.3d at 618 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*

### III.   DISCUSSION

Defendants argue that Katz-Crank failed to comply with the ITCA because she did not timely submit a tort claim notice, thus her claims are procedurally barred. Pursuant to Ind. Code § 34-13-3-8, "a claim against a political subdivision is barred unless notice is filed with . . . the governing body of that political subdivisions . . . within one hundred eighty (180) days after the loss occurs." The failure to provide notice under the ITCA entitles a defendant to a dismissal. *Ind. Dept. of Correction v. Hulen*, 582 N.E.2d 380 (Ind. 1991). The notice requirement applies equally to the government entity and its employees. *Poole v. Clase*, 476 N.E.2d 828, 831-32 (Ind. 1985).

Defendants also argue that they cannot be held liable because they were acting within the scope of their employment. In Indiana, governmental employees acting within the scope of their employment are immune from liability for losses resulting from initiation of a judicial proceeding and for enforcement of a law. I.C. § 34-13-32-3(6) and (8); *Serino v. Hensley*, 735 F.3d 588, 593-95 (7th Cir. 2013) (Indiana Tort Claims Act grants broad immunity to Indiana government units and employees from malicious prosecution and IIED actions). However, a plaintiff may bring an action against a government employee in his or her personal capacity if the employee acted outside the scope of his or her employment. I.C. § 34-13-3-5(b). The ITCA provides that a complaint filed against an employee personally must contain a reasonable factual basis supporting allegations that the act or omission of the employee that caused the loss was "(1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; or (5) calculated to benefit the employee personally." I.C. § 34-13-3-5(c). "Where the plaintiff elects to sue the governmental employee in her individual capacity, notice is required only if the act or omission causing the plaintiff's loss is within the scope of the defendant's employment." *Bienz v. Bloom*, 674 N.E.2d 998, 1004 (Ind. Ct. App. 1996).

Katz-Crank argues that the ITCA does not apply to her claims because she alleges that Defendants were acting outside the scope of their employment, thus she was not required to submit a tort claim notice and Defendants are not immune under state law.[1] "[I]n order for an employee's act to fall 'within the scope of employment,' the injurious act must be incidental to the conduct authorized or it must, to an appreciable extent, further the employer's business." *Barnett v. Clark*, 889 N.E.2d 281, 283 (Ind. 2008). "[T]o be incidental . . . [an act] must be one which is subordinate to or pertinent to an act which the servant is employed to perform." *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000) (quoting Restatement (Second) Agency § 229 cmt. b (1958)). Even tortious acts may fall within the scope of employment "if [the employee's] purpose was, to an appreciable extent, to further his employer's business." *Id.* (quoting *Kemezy v. Peters,* 622 N.E.2d 1296, 1298 (Ind. 1993)).

While Katz-Crank's Amended Complaint repeatedly states that the Defendants were acting outside the scope of their employment, the other facts alleged in the Amended Complaint do not support her assertion that the ITCA does not apply. "A plaintiff's complaint cannot merely allege wrongdoing in order to defeat the protections afforded under the ITCA but must assert a reasonable factual basis supporting any allegations of the aforementioned acts [under I.C. § 34-13-3-5]." *Perrey v. Donahue*, 703 F. Supp. 2d 839, 857 (N.D. Ind. 2010). Thus, the remainder of the facts pled in Katz-Crank's Amended Complaint must support the allegation that the Defendants acted in a manner that was criminal, clearly outside the scope of the employee's employment, malicious, willful and wanton, or calculated to personally benefit the Defendants.

---

[1] Oddly, however, the heading of Count I of Katz-Crank's Amended Complaint states that it is "pursuant to Indiana's Tort Claims Act, Sec. 34-13-32-3 [sic]," and paragraph 84 alleges that Defendants' actions "violated Indiana's Tort Claims Act, I.C. Sec. 34-13-32-3 [sic]." (Filing No. 73, at ECF pp. 13-14). The heading for Count II also states that it is "pursuant to Indiana's Tort Claims Act I.C. Sec. 34-13-3-5." (Filing No. 73, at ECF p. 16). However, the Court will analyze the substance of Katz-Crank's Amended Complaint.

In her briefing, Katz-Crank argues that Defendants were acting outside the scope of their employment, but the facts stated in her Amended Complaint indicate that their alleged wrongful actions were consistent with the duties they were employed to perform. Katz-Crank alleges that she contacted the Indiana Secretary of State's Office and offered to provide assistance and respond to inquiries they may have had regarding the investigation into her former client, Robert Nelms. Although the failure to respond and accept her assistance may support that Defendants did a poor job in their investigation, it does not support the argument that Defendants were acting outside the scope of their employment. Katz-Crank's amended complaint alleges numerous acts that fall directly within the scope of the purpose and duties of the Secretary of State, including investigating and instituting criminal proceedings. ([Filing No. 73, at ECF pp. 14-15](#)). Rokita, as Secretary of State, had the duty to investigate and prosecute individuals suspected of violating securities laws. With respect to Katz-Crank's assertion that "Defendants assisted or caused to be published statements in the press" regarding her alleged criminal activity, Indiana courts have held that public officials have the duty to apprise the public of their actions. *See Am. Dry Cleaning & Laundry v. State*, 725 N.E.2d 96 (Ind. Ct. App. 2000) (Attorney General statutorily immune from calling plaintiff a "public enemy"); *Foster v. Pearcy*, 387 N.E.2d 446 (Ind. 1979) (Deputy Prosecuting Attorney act of calling plaintiff a heroin dealer in the newspaper covered by statutory immunity). Publishing articles about the investigation of Katz-Crank and her prosecution was well within Rokita's job as an elected public official, regardless of whether it ultimately had an impact on his career.

Katz-Crank also alleges facts that fall within the scope of employment of Haskett and Williams as investigators with the Secretary of State's Office. She alleges that the investigators failed to consider exculpatory evidence; failed to testify "as to how the investigation proceeded or

what evidence they discovered;" had reason to know of the use of false testimony; contacted former clients "in the process of investigating;" and "assisted in instituting a criminal proceeding." ([Filing No. 73, at ECF pp. 14-15](Filing No. 73, at ECF pp. 14-15)). These are all acts that Haskett and Williams performed in their roles as investigators in furtherance of the Secretary of State's business, which is to investigate and prosecute suspected violations of securities laws. Likewise, Trathen's position as Chief Investigator for Marion County is also for the purpose of investigating suspected criminal activities and assisting with the prosecution of suspects. Moreover, no specific acts are alleged to have been committed by Trathen. There are no facts alleged in the Amended Complaint that show that any of the acts alleged giving rise to Katz-Crank's claims occurred outside of the scope of one or more of the Defendants' employment.

The assertion that the Defendants' actions were taken "with malice, willfully and wantonly, and were calculated to benefit the Defendants personally" is also not supported by the factual allegations in the Amended Complaint**.** Katz-Crank alleges the following: during the investigation Defendants contacted clients and regulatory agencies, failed to disclose exculpatory evidence, provided and relied on false testimony, requested five felony counts be filed, failed to tell the jury of others involved who did not object or report thefts and failed to advise the jury that the payment to Katz-Crank for legal services was supported by a signed retention agreements with normal hourly rates and detailed descriptions of the services rendered. Each of these alleged acts is an act the Defendants committed in the course and scope of their employment as investigators and regulators.

Moreover, Katz-Crank's Amended Complaint essentially takes the factual allegations in her original complaint and adds "abstract recitations of the elements of a cause of action" which "merely parrot the statutory language of the claims that [she is] pleading." *Brooks v. Ross*, 578

7

F.3d 574, 581 (7th Cir. 2009). She adds the language from Ind. Code § 34-13-3-5(c) to her Amended Complaint in an attempt to assert personal claims against Defendants, but there are no additional or revised factual allegations to support these assertions. As a result, the factual allegations are "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim" and do not provide a "showing" required under Rule 8. *Id.* In determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009). In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. Here, the Amended Complaint fails to satisfy the plausibility standard set forth in Iqbal, and the Court need not accept these amended factual assertions as true.

Thus, the Court concludes that, based upon the factual allegations in the Amended Complaint, Katz-Crank has not sufficiently supported her allegations that Defendants were acting outside of the scope of their employment, and Katz-Crank has not met the plausibility standard for her allegations that the Defendants were acting with malice, willfully and wantonly, or for their personal benefit. Therefore, the Court finds that the ITCA does apply to Katz-Crank's claims, which accordingly are barred by statutory immunity.[2]

---

[2] The fact that Katz-Crank did not submit a tort claim notice under the ITCA is not dispositive on this motion to dismiss. The failure to submit a tort claim notice is an affirmative defense to be pleaded by the Defendants, and the omission of this fact from a plaintiff's complaint, which would ultimately defeat an affirmative defense, does not justify dismissal. *Taleyarkhan v. Purdue Univ.*, 837 F. Supp. 2d 965, 968 (N.D. Ind. 2011) ("[P]laintiff's silence on the ITCA in his complaint is not dispositive."). Nevertheless, Katz-Crank would have ultimately been required to timely submit a tort claim notice in order to proceed with claims against the Defendants in this case. Because Katz-Crank's complaint is insufficient under Rule 12(b)(6), however, this issue is moot.

## IV. CONCLUSION

For the forgoing reasons, the Court finds that the facts as alleged by Katz-Crank show that the actions giving rise to her claims were taken within the scope of Defendants' employment and do not support the allegations that they were acting with malice, willfully or wantonly, or for personal gain. Further, the claims against the Defendants are statutorily barred by the Indiana Tort Claims Act. Having permitted Katz-Crank to plead her claims against Defendants twice, it appears that there are no set of facts under which she can prove that she is entitled to relief. Accordingly, Defendants' motion to dismiss ([Filing No. 79](Filing No. 79)) is **GRANTED**, and the Amended Complaint is **DISMISSED with prejudice**. Final judgment will issue in a separate entry.

SO ORDERED.

Date: 3/18/2015

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Derek S. Wilczynski
BLANCO WILCZYNSKI, PLLC
dsw@blancopc.com

Nicole L. Coroiu
BLANCO WILCZYNSKI, PLLC
nlc@blancopc.com

Orlando L. Blanco
BLANCO WILCZYNSKI, PLLC
olb@blancopc.com

R. Eric Sanders
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
eric.sanders@indy.gov

Beth Ann Garrison
OFFICE OF CORPORATION COUNSEL
beth.garrison@indy.gov

Amanda J. Dinges
OFFICE OF CORPORATION COUNSEL
amanda.dinges@indy.gov

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov